UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY FRASURE, | ) | CASE NO. 1: 09 CV 1765 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| OHIO REFORMATORY FOR WOMEN, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman, recommending denial of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the Report and Recommendation (Doc. 15). For the reasons stated below, the Report and Recommendation is ACCEPTED.

### I. Standard of Review

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the district court reviews *de novo* the portion of a report magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation. When no objections to a report and recommendation are made, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

### II. Discussion

The pertinent background in this matter is fully set forth by the Magistrate Judge in his

1

Report and Recommendation. Petitioner was sentenced to eight years of incarceration by the Ashtabula County, Ohio Court of Common Pleas following her no contest plea and conviction of second degree aggravated vehicular homicide. The conviction resulted from an automobile collision that occurred on March 12, 2005 in Ashtabula, Ohio. Petitioner is incarcerated at the Ohio Reformatory for Women.

Petitioner filed a timely direct appeal of her conviction and sentence. Petitioner argued on appeal that her due process rights were violated by the state's failure to preserve the vehicles involved in the accident. The court of appeals affirmed the judgment of the trial court. The court held that under Ohio Supreme Court precedent, *Arizona v. Youngblood*, 488 U.S. 5 (1988) governed. *Youngblood* held that unless a criminal defendant can show bad faith, failure to preserve potentially useful evidence does not constitute a violation of due process. The court concluded that, while the better policy would be for the state to hold evidence for a reasonable time where the future filing of criminal charges is likely, the evidence at issue was potentially useful and the state did not act in bad faith in allowing its destruction; therefore, no due process violation occurred.[1]

Petitioner filed a notice of appeal with the Ohio Supreme Court, but the Ohio Supreme Court declined jurisdiction, dismissing Petitioner's appeal as not involving any substantial constitutional question.

On July 24, 2009, Petitioner filed the present *habeas* petition, raising one ground for

---

[1] One judge on the panel dissented, believing that bad faith under *Youngblood* existed because the state had a policy which permitted the destruction of a vehicle involved in a fatal crash before the filing of criminal charges, making it likely that useful evidence would not be preserved until a criminal defendant was in need of it.

relief:

> Ground one: A defendant's right to due process as guaranteed by the Fifth and Fourteenth Amendments. Failure to preserve material evidence whether destroyed in bad faith or not.

Petitioner essentially relies on the reasoning of the dissenting opinion in her state-court appeal.

In a thorough and well-reasoned Report and Recommendation, Magistrate Judge Baughman found no basis for the issuance of a *writ*. The Magistrate Judge correctly identified the applicable standard of review for the federal court in this *habeas* case: "Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law." (R&R at 13-14.) The R&R recommends denial of the writ on the basis of the Magistrate Judge's determination that the state appeals court decision, finding no due process violation, was not an unreasonable application of *Youngblood*.

Petitioner objects to Report and Recommendation. She sets forth seven numbered objections. None of Petitioner's objections show that the Ohio court of appeals decision was an unreasonable application of *Youngblood* or other federal law.

Upon review, the Court agrees with the analysis and reasoning set out by the Magistrate Judge. There is no basis for the issuance of writ because the Ohio court of appeals decision is not an unreasonable application of clearly established federal law.

**III.  Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge Baughman is hereby accepted, and the findings and conclusions of the Magistrate Judge are incorporated herein by reference.

The petition for a writ of *habeas corpus* is dismissed. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date: September 28, 2010            */s/ John R. Adams*
                                    JOHN R. ADAMS
                                    United States District Judge